# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 17-45907-705 |
| ) | Chapter 11 Proceeding |
| TMR, LLC (Lead Case) ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

## ORDER CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION DATED OCTOBER 1, 2018

This matter comes before the Court on consideration of the Debtors' request for Confirmation of the Debtor's Third Amended Plan of Reorganization for Debtors, TMR, LLC, DAC, Incorporated and Timothy M. Roewe and Lona S. Roewe Dated October 1, 2018 (the "Plan[1]") (Doc. #247).

On July 31, 2018 this Court entered an order Approving Debtors' Second Amended Disclosure Statement (Doc. #195). The Court determined that the Second Amended Disclosure Statement provided adequate information for creditors to make an informed decision about voting on the Plan pursuant to 11 U.S.C. Section 1125(f)(1). On October 1, 2018 Debtors filed the Plan, and on October 2, 2018 Debtors served the Plan and their Notice of Hearing on Confirmation of the Plan (Doc. #248). The Notice scheduled the confirmation hearing for the Plan on October 23, 2018 at 10:00 a.m. and provided that any objections to the Plan be filed on or before October 16, 2018.

The sole objection to the Plan, filed on behalf of Magnet, Inc., was withdrawn prior to the confirmation hearing. Although several objections to the prior version of the plan were filed, they

---

[1] Capitalized terms not otherwise defined in this Confirmation Order shall have the same meaning as in the Plan and the Disclosure Statement.

Case 17-45907 Doc 275 Filed 11/07/18 Entered 11/07/18 13:53:01 Main Document
Pg 2 of 10

Case 17-47469 Doc 103-3 Filed 09/01/20 Entered 09/01/20 16:47:24 Exhibit 3
Order Confirming Third Amended Plan Pg 2 of 10

were resolved by the Plan and were withdrawn.

A copy of the Plan and the Disclosure Statement was transmitted to holders of all claims and interests, and the hearing to consider confirmation of the Plan was held by the Court as scheduled on October 23, 2018 (the "Confirmation Hearing"). Based on the Court's review of the Plan, the Disclosure Statement, the Court's files and records compiled in this case, and the evidence and arguments of counsel presented at the Confirmation Hearing, including the Declaration of Timothy M. Roewe, subsequently filed of record (Doc. #269), this Court hereby makes the following findings of fact and conclusions of law[2]:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW.

A **Notice**. Transmittal of copies of the (i) Disclosure Statement; (ii) Plan; (iii); (iii) Ballots to all creditors and parties in interest complied with all relevant Orders of the Court, Federal Rules of Bankruptcy Procedure ("FRBP") 2002 and 3017, and Bankruptcy Code §1125 and 1128. Any person or Entity required to receive notice of the hearing on confirmation of the Plan, and the deadline for submitting objections to confirmation of the Plan and ballots accepting or rejecting the Plan, has received due, proper, and adequate notice thereof under the circumstances of these Cases in accordance with the various applicable requirements of the Code, the FRBP, and the procedural due process requirements of the United States Constitution.

B **Code Compliance: §1129(a)(1)**. The Plan complies with the applicable provisions of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Code"), including

---

[2] These Findings and Conclusions constitute the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by FRBP 7052 and 9014. Any finding of fact shall constitute a finding of fact even if it is stated as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is stated as a finding of fact.

but not limited to the provisions of Code §§1122 and 1123, and the FRB P[3] and therefore satisfies the requirements of Code §1129(a)(1).

C    **Proponent Compliance: §1129(a)(2)**. The Debtors, as proponents of the Plan, comply and have complied, with the applicable provisions of the Code and therefore satisfy the requirements of Code §1129(a)(2).

D    **Proposed in Good Faith: §1129(a)(3)**: The Plan has been proposed in good faith and not by any means forbidden by law and therefore satisfies the requirements of Code §1129(a)(3).

E    **Payments: §1129(a)(4)**. Any payment made or to be made by any of the Debtors, or by any person acquiring property under the Plan, for services or for costs and expenses in or in connection with these Cases, or in connection with the Plan and incident to the Cases, has been approved by the Court as reasonable or will be subject to such approval by the Court. Accordingly, the Plan complies with the requirements of Code §1129(a)(4).

F    **Affiliations Disclosed: §1129(a)(5)**. TMR, LLC and DAC, Incorporated have disclosed the identity and affiliations of all individuals proposed to serve, after confirmation of the Plan as a director, officer or Managing Member of the applicable Debtors and therefore the Plan complies with the requirements of Code Section 11 U.S.C. §1129(a)(5).

G    **Rate Change: §1129(a)(6)**. There are no rates subject to regulation by a governmental unit and therefore §1129(a)(6) of the Code is inapplicable.

H    **Best Interest of Creditors: §1129(a)(7)**. With respect to each impaired class of Claims or Interests, each holder of a Claim or Interest of such Class has accepted the Plan, or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the

---

[3] Among other things, the Plan is properly dated and identifies the Debtors as the Entities submitting and filing the Plan as required by Rule 3016(a).

3

Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the applicable Debtor(s) was/were liquidated under Chapter 7 of the Code. No holder of a Secured Claim has made an election under Code §1111(b)(2). Accordingly, the Plan satisfies the requirements of Code §1129(a)(7).

    I    **Acceptance by Classes: §1129(a)(8)**:

    1.    There are eight classes of creditors and interest holders for TMR, LLC. Two of these classes are not impaired under 11 U.S.C. §1129. All of the other classes have voted to accept the Plan.

    2.    There are eleven classes of creditors and interest holders for DAC, Incorporated. Two of these classes are not impaired under 11 U.S.C. §1129. All of the other classes have voted to accept the Plan.

    3.    There are nineteen classes of creditors and interest holders for Timothy M. Roewe and Lona S. Roewe. One of these classes is not impaired under 11 U.S.C. §1129. All of the other classes have voted to accept the Plan.

    J    **Treatment of Priority Claims: §1129(a)(9)**.    Except to the extent that the holder of a particular Claim has agreed otherwise, the Plan provides that:

    1.    With respect to a Claim of a kind specified in Code §507(a)(2), the holder of each Allowed Administrative Claim, has agreed to receive, on the Effective Date or upon approval by the Court, or as agreed with the applicable debtor, on account of such Claim cash equal to the Allowed Amount of such Claim. Accordingly, the Plan satisfies the requirements of Code §1129(a)(9)(A); and

4

2. There are no Claims against the Debtor of the kind specified in Code §§507(a)(1) and §§507(a)(3) through 507(a)(7). Accordingly, the Plan satisfies the requirements of Code §1129(a)(9)(B).

3. With respect to a Claim of a kind specified in Code §507(a)(8), the holder of each Allowed Administrative Claim, will receive, beginning on the Effective Date regular payments in cash equal to the amount of the allowed claim paid over a period of 5 years; and will receive more than each holder of an Allowed general unsecured Claim Accordingly, the Plan satisfies the requirements of Code §1129(a)(9)(C) and (D)..

K **Acceptance by Impaired Class: §1129(a)(10)**. Under the Plan the TMR Class 2D, DAC Class 2C and Roewe Class 2E (among numerous other classes of Claims) are impaired. Each of these classes of creditors, as well as numerous other classes, have voted to accept the Plan and none of them are insiders. Thus, at least one class of Claims of each Debtor that is impaired under the Plan, determined without including the acceptance of the Plan by any Insider of the Debtor holding a Claim of such Class, has accepted the Plan. Accordingly, the Plan satisfies the requirements of Code §1129(a)(10).

L **Liquidation: §1129(a)(11)**. The Plan is not likely to be followed by the need for further reorganization or liquidation of any Debtor's assets (except as provided in the Plan). Accordingly, the Plan satisfies the requirements of Code §1129(a)(11).

M **Payment of Fees: §1129(a)(12)**. The Plan states that fees payable under 28 U.S.C. §1930, as determined by the Court, shall be paid on the Effective Date of the Plan or when due. Accordingly, the Plan satisfies the requirements of Code §1129(a)(12).

N **Retiree Benefits: §1129(a)(13)**. No Debtor is obligated to provide retirement benefits. Accordingly, the Code §1129(a)(13) is inapplicable.

5

O  **Domestic Support Order: §1129(a)(14)**. No Debtor has an obligation under any domestic support order. Accordingly, Code §1129(a)(14) is inapplicable.

P  **Objections of Unsecured Creditors: §1129(a)(15)**. The individual Debtors have not received any objections from unsecured creditors. Accordingly, the Plan satisfies the requirements of Code §1129(a)(15).

Q  **Transfers of Property: §1129(a)(16)**. None of the Debtors is a "moneyed, business or commercial corporations or trusts". Accordingly, §1129(a)(16) of the Code is inapplicable.

R  **No Unfair Discrimination; Fair and Equitable Treatment**. The Plan does not discriminate unfairly against any, and is fair and equitable with respect to, each Class of Claims and Interests.

S  **Executory Contracts**. Pursuant to Code §1123(b)(2), the Plan constitutes a motion by each Debtor to reject all Executory Contracts except as set forth in the Plan. The decision of each Debtor regarding assumption and assignment or rejection of Executory Contracts, as reflected in the Plan, is based on, and is well within the reasonable and sound business judgment of the applicable Debtor(s) and is in the best interests of the applicable Debtor(s) and the Estates. The Plan discloses four such contracts, all of which are assumed.

T.  **Good Faith Solicitation**. The solicitation of acceptances of the Plan by each Debtor was in good faith and in compliance with the applicable provisions of the Code and Rules.

U.  **Binding on Proponent, Debtors and Holders**. The Debtors, all holders of Claims and Interests, and all other parties in interest are bound by the Plan, as may be modified in this Confirmation Order.

V.  **Objections to Plan**. The sole objection to confirmation of the Plan was

6

withdrawn.

      W.    **Amendments to Third Amended Plan**.    Pursuant to agreements between Debtors and various parties, the Plan is hereby amended as follows:

    1.    The following text is deemed inserted between the third and fourth paragraph of Article VII, "Means for Implementation": "Any lease or sublease of the property at 1200 Stafford Street to any party other than DAC, Inc. shall be made only with the written permission of the SBA, current leases excluded."

    Further, any unsecured claim of the SBA arising from DAC's guarantee of the loan to the Roewes from the SBA will not be paid by DAC but will be paid by the Roewes to the SBA on its secured claim pursuant to Class Roewe 2N of the Third Amended Plan. SBA retains its rights under its loan documents, including the right to pursue its personal guarantee signed by DAC upon payment default by the Roewes"

    Further, no refinancing of the SBA's promissory note shall occur without the written permission of the SBA."

    2.    Section 10.02(f) of the Plan is hereby deleted.

    3.    Article IV of the Plan, at the section on "DAC 2E-Secured Claim of Itria Ventures" is hereby amended to delete "14" and in its place, add "10" such that there will be a 10-day cure period upon notice of default.

    4.    Article IV of the Plan, at the section on "Roewe 2O-Secured Claim of Itria Ventures" is hereby amended to delete "14" and in its place, add "10" such that there will be a 10-day cure period upon notice of default.

BASED ON THE FOREGOING FINDINGS OF FACTS AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:

    1.    **Confirmation**. The Plan shall be, and the same hereby is confirmed. The provisions of the Plan, as amended by this Order, are incorporated herein by reference whether or not specifically referenced herein.

2.      **Binding Order**. The provisions of the Plan (as modified by this Confirmation Order) and this Confirmation Order are binding on each of the Debtors, all Creditors of the Debtors, all holders of Interests in TMR and DAC and any other parties-in-interest, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians and similar officers, or any person claiming through or in the right of any such persons.

3.      **Implementation of Plan**. Each Debtor is authorized, empowered, and directed to carry out all of the provisions of the Plan and this Confirmation Order and to perform such acts and execute and deliver such documents as are necessary or appropriate in connection with the Plan and this Confirmation Order.

4.      **Effectiveness**. On the Effective Date, the Plan shall become effective and binding.

5.      **Executory Contracts**. The assumption and rejection of Executory Contracts as provided in the Plan shall be, and hereby are approved.  All Executory Contracts that have not been previously assumed and that are not assumed pursuant to the Plan shall be rejected as of the Effective Date.

6.      **Making of Distributions**.    Except as otherwise expressly provided in the Plan, all payments and other distributions to be made under the Plan shall be timely and proper if mailed by first class mail on or before the date of the distribution provided for in the Plan to the address listed in such creditor's proof of claim filed in this case, or, if no proof of claim is filed, the last known address of the creditor.

7.      **Notice of Entry**. Within five business days after the date of entry of this Confirmation Order, the Debtors shall mail notice of entry of this Confirmation Order to all parties-in-interest in this case.

8.  **Professional fees**. Professionals of the Debtors need not obtain Court approval of fees and expenses incurred on or after the date of this Order. Applications for compensation for professional services rendered prior to the date of this order shall be filed within 30 days after the date of this Order.

9.  **Remedies**.  The Debtors are hereby authorized to exercise all rights and remedies to which they are entitled and to enforce the provisions of the Plan, and all such remedies may be exercised without need for any application to or further order of this Court.

10. **Retention of Jurisdiction**. The Court shall retain jurisdiction of these proceedings until final consummation of the Plan, notwithstanding any earlier closing of the Case, pursuant to and for the purposes of Code §§105 and 1127, and for the purposes set forth in Article X Section 10.02 of the Plan, as amended by this Order, as though the provisions of such Article X Section 10.02 of the Plan were set forth herein in their entirety.

11. **Injunction**.  As of the effective date, and except as provided in the Plan, all entities that have held, currently hold, or may hold any claims against any Debtor are permanently enjoined from taking any actions against the applicable Debtor(s) , or its, or their property, either on account of such claims or any interests, including (a) commencing or continuing any action or other proceedings; (b) enforcing in any manner any judgment, award or decree; (c) creating, perfecting or enforcing any lien or any encumbrance; (d) asserting a right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any released entity; (e) commencing or continuing, in any manner, any action that does not comply with or is inconsistent with the provisions of the Plan.

9

12. **Appeal**. Unless this Confirmation Order is stayed pending appeal, its reversal or modification shall not affect the validity of the Plan or any agreement, document, instrument, or action authorized by this Confirmation Order or under the Plan as to any Debtor

13. **Vesting**. Except as otherwise expressly provided in the Plan or this Confirmation Order, the property dealt with by the Plan is free and clear of all claims and interests of Creditors and Equity Security Holders.

14. **Claims**. The Debtors reserve the right to object to claims as provided in the Plan.

IT IS SO ORDERED:

DATED: November 7, 2018
St. Louis, Missouri 63102
mtc

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

Order prepared by:
David M. Dare
A. Thomas DeWoskin
J. Talbot Sant

15636-0117: TMR, LLC/Reorganization: 2032464.docx

10