Case 17-47469    Doc 103-4    Filed 09/01/20    Entered 09/01/20 16:47:24    List of 20 Largest Creditors 4. Third Amended Plan    Pg 1 of 18

Case 17-45907    Doc 247    Filed 10/01/18    Entered 10/01/18 17:46:23    Main Document    Pg 1 of 18

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In the Matter of ) | |
| TMR, LLC, et al., (Lead Case) ) | |
| ) | Case No. 17-45907-705 |
| Debtor. ) | |
| ) | |

**THIRD AMENDED PLAN OF REORGANIZATION (October 1, 2018)**

**ARTICLE I**

This Third Amended Plan of Reorganization, dated October 1, 2018 (the "Third Amended Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes: (i) to pay holders of Allowed Claims against TMR, LLC ("TMR") from net proceeds of sale or lease of its sole asset, 1100 Stafford Street; (ii) to pay holders of Allowed Claims against DAC, Incorporated ("DAC") (to the extent not paid from net proceeds of sale or lease of 1100 Stafford on cross-collateralized obligations) from revenues generated through operation of DAC's business over a period of five (5) years commencing October 1, 2019 as to Allowed General Unsecured Claims; and (iii) to pay holders of Allowed Claims against Timothy M. and/or Lona S. Roewe (the "Roewes") from net proceeds of sale of certain assets of Timothy M. and/or Lona S. Roewe (and from income generated by the Roewes).

The Third Amended Plan does not substantively consolidate the Bankruptcy Estates of TMR, DAC and the Roewes but does specify the source of payment of cross-collateralized obligations and resolve claims among Debtors.

This Third Amended Plan provides:

(i) with respect to TMR, three classes of Allowed Unsecured Priority Claims, four classes of Allowed Secured Claims, three classes of Unsecured Claims, and one class of Equity Interests;

(ii) with respect to DAC, three classes of Allowed Priority Unsecured Claims, six classes of Allowed Secured Claims, two classes of Allowed General Unsecured Claims, and one class of Equity Interests;

(iii) with respect to the Roewes, one class of Allowed Unsecured Priority Claims, 16 classes of Allowed Secured Claims; and two classes of Unsecured Claims.

Holders of Allowed General Unsecured Claims against TMR shall receive no distribution.

Holders of Allowed General Unsecured Claims against DAC are to receive a pro rata share of $80,000 payable over five years commencing October 1, 2019, which distributions DAC has projected to be between 15 cents and 34 cents on the dollar depending upon the aggregate

Case 17-47469 Doc 103-4 Filed 09/01/20 Entered 09/01/20 16:47:24 List of 20 Largest Creditors 4. Third Amended Plan Pg 2 of 18

Case 17-45907 Doc 247 Filed 10/01/18 Entered 10/01/18 17:40:23 Main Document Pg 2 of 18

amount of Allowed General Unsecured Claims against DAC. This Plan also provides for the payment of Allowed Administrative Expense Claims against DAC on the Effective Date or as agreed; and Allowed Priority Claims over a period of five years.

Holders of Allowed General Unsecured Claims against the Roewes will receive a pro rata share of $80,000 payable over five years commencing October 1, 2019, which distributions the Roewes have projected to be between 5 cents and 15 cents on the dollar. This Third Amended Plan also provides for the payment of Allowed Administrative Expense Claims against the Roewes on the Effective Date or as agreed; and Allowed Priority Claims over a period of five years.

All creditors and equity security holders should refer to Articles III through VI of this Third Amended Plan for information regarding the precise treatment of their claims.

A Second Amended Disclosure Statement dated July 20, 2018 (the "Second Amended Disclosure Statement") that provides more detailed information regarding the Third Amended Plan and the rights of creditors and equity security holders was circulated with the Second Amended Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

Section 1123(a)(1) of the Code requires most types of claims to be put into classes according to their type. The classes of claims for each Debtor are as follows:

**TMR:**

2.01   Class TMR-1. All Allowed Claims against TMR entitled to priority under sections 507(a)(1), (4), (5), (6), (7), (9) and (10) of the Code.

2.02   Class TMR-2A. All allowed secured tax claims against TMR held by governmental taxing authorities.

2.03   Class TMR-2B. The allowed claim of New Frontier Bank, to the extent Allowed as a secured claim against TMR under section 506 of the Code, arising pursuant to a Promissory Note dated March 25, 2016 in the principal amount of $4,053,271.21.

2.04   Class TMR-2C. The allowed claim of New Frontier Bank to the extent Allowed as a secured claim against TMR under section 506 of the Code, arising pursuant to the pledge of additional collateral securing a Promissory Note dated March 25, 2016 in the principal amount of $300,000 signed by DAC, Inc., which Note was subsequently modified on June 17, 2016 to increase the line of credit from $300,000 to $428,000 (the "NFB Line Note").

2

Case 17-47469    Doc 103-4    Filed 09/01/20    Entered 09/01/20 16:47:24    List of 20
Largest Creditors 4. Third Amended Plan    Pg 3 of 18

Case 17-45907    Doc 247    Filed 10/01/18    Entered 10/01/18 17:40:23    Main Document
Pg 3 of 18

2.05  Class TMR-2D.  The allowed Claim of Itria Ventures, LLC in the amount of $550,000, which is secured by that certain real estate commonly known and numbered as 1100 Stafford Street, Washington, MO pursuant to that certain judgment dated March 30, 2017, entered in favor of Itria Ventures, LLC and against TMR, among others, in that certain action in the Twentieth Judicial Circuit of the State of Missouri, Franklin County, bearing cause number 17AB-CC00069.

2.06  Class TMR-3.  All Allowed General Unsecured Claims against TMR, including deficiencies remaining after liquidation of collateral for allowed secured claims.

2.07  Class TMR-4.  Allowed General Unsecured claims of insiders

2.08  Class TMR-5.  Allowed equity interests in TMR.

**DAC:**

2.09  Class DAC-1.  All Allowed Claims against DAC entitled to priority under sections 507(a)(1), (4), (5), (6), (7), (9) and (10) of the Code.

2.11  Class DAC-2A.  All allowed secured tax claims against DAC held by governmental taxing authorities.

2.12  Class DAC-2B.  The claim of New Frontier Bank, to the extent Allowed as a secured claim against DAC under section 506 of the Code, arising pursuant to the NFB Line Note.

2.13  Class DAC-2C.  The claim of New Frontier Bank, to the extent Allowed as a secured claim against DAC under section 506 of the Code, arising pursuant to a Promissory Note dated September 18, 2016 in the principal amount of $100,000 (the "NFB Printer Note").

2.14  Class DAC-2D.  The Allowed Secured Claim of First State Community Bank, arising pursuant to a Promissory Note dated November 1, 2016 in the principal amount of $600,000.

2.15  Class DAC-2E.  The Allowed Secured Claim of Itria Ventures, LLC in the amount of $550,000, which is secured by all of the assets of DAC including "all present and future accounts, chattel paper, deposit accounts, documents, personal property, general intangibles, instruments, equipment (including assets and fixtures), inventory and proceeds, each as defined in Article 9 of the Uniform Commercial Code, whether nor or hereafter owned or acquired by [DAC] and wherever located and all proceeds of any such property" as well as a contingent lien against Tim Roewe's interest in property owned in the entireties by Tim and Lona Roewe, pursuant to that certain Future Receivables Sales Agreement dated September 27, 2016, that certain Uniform Commercial Code Financing Statement numbered 1610067769889 and dated October 6, 2016, and that certain judgment dated March 30, 2017, entered in favor of Itria Ventures, LLC and against DAC

3

Case 17-47469 Doc 103-4 Filed 09/01/20 Entered 09/01/20 16:47:24 List of 20 Largest Creditors 4. Third Amended Plan Pg 4 of 18

Case 17-45907 Doc 247 Filed 10/01/18 Entered 10/01/18 17:40:23 Main Document Pg 4 of 18

and Tim Roewe, among others, in that certain action in the Twentieth Judicial Circuit of the State of Missouri, Franklin County, bearing cause number 17AB-CC00069.

2.16 Class DAC-2F. The Allowed Secured Claim of Bank of Washington, arising pursuant to a Promissory Note dated June 28, 2001 in the principal amount of $64,150 [maker: Tim Roewe d/b/a Dreamgarage]; a Promissory Note dated September 15, 2004 in the principal amount of $15,000 [Maker: Tim Roewe d/b/a Dreamgarage]; a Promissory Note dated July 3, 2007 in the principal amount of $599,752.96; a Promissory Note dated July 6, 2007 in the principal amount of $150,000; a Promissory Note dated July 27, 2007 in the principal amount of $75,000; a Promissory Note dated August 21, 2007 in the principal amount of $25,510.96; and a Guaranty dated July 3, 2007.

2.17 Class DAC-2G. The claim of American Express Bank, FSB to the extent Allowed as a secured claim against DAC under section 506 of the Code arising pursuant to a Business Loan and Security Agreement dated April 22, 2016.

2.18 Class DAC-3. All Convenience Class Claims against DAC not included in Class DAC-1.

2.19 Class DAC-4. All remaining Allowed General Unsecured Claims against DAC, including deficiencies remaining after liquidation of collateral for allowed secured claims.

2.20 Class DAC-5. Allowed equity interests in DAC.

**ROEWES:**

2.21 Class Roewe-1. All Allowed Claims against either or both of the Roewes entitled to priority under sections 507(a)(1), (4), (5), (6), (7), (9) and (10) of the Code.

2.22 Class Roewe-2A. All allowed secured tax claims against the Roewes held by governmental taxing authorities. These include the Internal Revenue Service in the amount of $39,477.81, the Missouri Department of Revenue in the amount of $10,969.96, and the Franklin County Collector in the amount of $65,564.77.

2.23 Class Roewe 2B. The claim of Bank of America on its first Deed of Trust against the Roewes' residence at 7588 Bluff Road, to the extent Allowed as a secured claim against the Roewes under section 506 of the Code, arising pursuant to a Promissory Note dated December 1, 2004 in the principal amount of $900,000.

2.24 Class Roewe-2C. The claim of Bank of New York Mellon as indenture trustee of the CWHEQ Revolving Home Equity Loan Trust, Series 2005A on its second Deed of Trust against the Roewes' residence at 7588 Bluff Road, to the extent Allowed as a secured claim under section 506 of the Code, arising pursuant to a Promissory Line of Credit Note dated January 6, 2005 in the principal amount of $225,000.

2.25  Class Roewe-2D.  The claim of Bank of America secured by the Roewes' RV, to the extent Allowed as a secured claim under section 506 of the Code, arising pursuant to a Promissory Note in the approximate principal amount of $120,000.

2.26  Class Roewe-2E.  The claim of Bank of Franklin County on its first Deed of Trust against the commercial building at 1200 Stafford Street, to the extent Allowed as a secured claim under section 506 of the Code, arising pursuant to a Promissory Note dated February 16, 2012 in the principal amount of $456,683.

2.27  Class Roewe-2F.  The claim of Bank of Franklin County, to the extent Allowed as a secured claim under section 506 of the Code, arising pursuant to a Promissory Note dated September 24, 2014 in the principal amount of $50,000 secured by various trucks, tractor trailers and cars.

2.28  Class Roewe-2G.  The Allowed Secured Claim of Bank of Washington arising pursuant to a Promissory Note dated June 4, 2001 in the principal amount of $160,000 secured by 9 acres of land adjacent to Debtors' home at 7588 Bluff Road, Washington, MO 63090.

2.29  Class Roewe-2H.  The Allowed Secured Claim of Bank of Washington arising pursuant to a Promissory Note dated June 4, 2001 in the principal amount of $160,000 secured by 9 acres of land adjacent to Debtors' home at 7588 Bluff Road, Washington, MO 63090.

2.30  Class Roewe-2I.  The claim of Cave Springs Sports, to the extent Allowed as a secured claim under section 506 of the Code, arising pursuant to a Promissory Note dated 2008 in the amount of $140,000 secured by storage facility at 5275 Highway 47, Washington, MO 63090.

2.31  Class Roewe-2J.  The claim of First Community Credit Union, to the extent Allowed as a secured claim under section 506 of the Code, arising pursuant to a Promissory Note dated October 25, 2013 in the amount of $25,799.59 secured by 2013 Ford Escape.

2.32  Class Roewe-2K.  The claim of First Tennessee Bank, formerly doing business as First Horizon Loan Corporation to the extent Allowed as a secured claim under section 506 of the Code, arising pursuant to a Promissory Line of Credit Note dated December 1, 2004 in the amount of $225,000 and secured by a third Deed of Trust on the Roewes' residence at 7588 Bluff Road, Washington, MO 63090.

2.33  Class Roewe-2L.  The claim of Heritage Bank, to the extent Allowed as a secured claim under section 506 of the Code, arising pursuant to a Promissory Note March 28, 2010 in the amount of $360,800 secured by storage facility at 5275 Highway 47, Washington, MO 63090.

2.34  Class Roewe-2M.  The claim of Key Bank, to the extent Allowed as a secured claim under section 506 of the Code, arising pursuant to a Promissory Note dated July 29, 2002 in the amount of $65,600 secured by 1992 Baja 370 ES Boat.

2.35 <u>Class Roewe-2N</u>. The claim of SBA/Franklin County, to the extent Allowed as a secured claim under section 506 of the Code, arising pursuant to a Promissory Note dated February 15, 2102 in the principal amount of $376,000.

2.36 <u>Class Roewe 2O.</u> The Allowed Claim of Itria Ventures, LLC in the amount of $550,000, which is secured by a contingent lien against Tim Roewe's prospective interest in property owned in the entireties by Tim and Lona Roewe, pursuant to that certain Future Receivables Sales Agreement dated September 27, 2016, that certain judgment dated March 30, 2017, entered in favor of Itria Ventures, LLC and against DAC and Tim Roewe, among others, in that certain action in the Twentieth Judicial Circuit of the State of Missouri, Franklin County, bearing cause number 17AB-CC00069, and that certain Stipulation of Settlement dated May 8, 2017 and executed by Tim Roewe.

2.37 <u>Class Roewe-3A</u>. All Convenience Class Claims against the Roewes not included in Class Roewe-1.

2.38 <u>Class Roewe- 3B</u>. All remaining Allowed General Unsecured Claims against both of the Roewes, including deficiencies remaining after liquidation of collateral for allowed secured claims.

2.39 <u>Class Roewe-3C</u>. All unsecured claims Allowed under section 502 of the Code, held by creditors with claims against only one of the Roewes.

2.40 Class Roewe-4. All Insider claims.

## ARTICLE III
## TREATMENT OF UNCLASSIFIED CLAIMS

3.01 <u>Unclassified Claims.</u> Pursuant to section 1123(a)(1) of the Code, administrative expense claims against TMR, DAC, and either of the Roewes and unsecured priority tax claims against each Debtor, and U.S. Trustee fees are not placed in classes.

3.02 <u>Administrative Expense Claims</u>-

  a. <u>Administrative Expense Claims Against TMR</u>. Each holder of an administrative expense claim against TMR Allowed under section 503 of the Code will be paid in full when due or on the Effective Date of this Third Amended Plan, whichever is later, in cash or upon such other terms as may be agreed by the holder of the claim and TMR, out of the first $25,000 of rental income received by TMR from DAC as rent of 1100 Stafford and/or from sale proceeds remaining after payment of Allowed claims secured by 1100 Stafford.

  b. <u>Administrative Expense Claims Against DAC.</u> Each holder of an administrative expense claim against DAC Allowed under section 503 of the Code will be paid in full when due or on the Effective Date of this Third

6

Case 17-47469 Doc 103-4 Filed 09/01/20 Entered 09/01/20 16:47:24 List of 20 Largest Creditors 4. Third Amended Plan Pg 7 of 18

Case 17-45907 Doc 247 Filed 10/01/18 Entered 10/01/18 17:40:23 Main Document Pg 7 of 18

Amended Plan, whichever is later, in cash or upon such other terms as may be agreed by the holder of the claim and DAC.

c. <u>Administrative Expense Claims against the Roewes.</u> Each holder of an administrative expense claim against the Roewes Allowed under section 503 of the Code will be paid in full when due or on the Effective Date of this Third Amended Plan, whichever is later, in cash or upon such other terms as may be agreed by the holder of the claim and the Roewes.

3.03 <u>Priority Tax Claims</u>

a. <u>Priority Tax Claims Against TMR.</u> Each holder of a priority tax claim against TMR, to the extent Allowed, will be paid in equal monthly installments of principal and interest at an annual rate of 5%, within five years from the Petition Date.

b. <u>Priority Tax Claims Against DAC.</u> Each holder of a priority tax claim against DAC, to the extent Allowed, will be paid in equal monthly installments of principal and interest at an annual rate of 5%, within five years from the Petition Date.

c. <u>Priority Tax Claims Against the Roewes.</u> Each holder of a priority tax claim against the Roewes, to the extent Allowed, will be paid in equal monthly installments of principal within five years from the Petition Date. No interest will be paid to priority creditors unless their debt is also fully secured. Secured claims will receive interest at the rate of 5%.

3.04 <u>United States Trustee Fees.</u> All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) accrued prior to the Effective Date will be paid when due. Fees will continue to accrue and be timely paid until a Final Decree is entered with respect to each Case, or the case is dismissed or converted.

## ARTICLE IV
## TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

4.01 Allowed Claims against TMR, DAC and the Roewe and Interests in TMR and DAC shall be treated as follows under the Third Amended Plan:

**TMR**

| Class | Impaired | Treatment |
|---|---|---|
| TMR-1-Priority claims | No | Paid in full on Effective Date or as otherwise agreed. |
| TMR-2A-Secured Tax Claims | No | Paid in equal monthly installments of principal and interest commencing 30 days after the Effective Date at an annual rate of 5%, within five years from the Petition Date |
| TMR-2B-Secured Claim of New Frontier Bank | Yes | Balance due on Effective Date to be amortized over 20 years with equal monthly payments of principal and interest at the annual rate of 6.25% to be made on the first day of the month |

7

Case 17-47469    Doc 103-4    Filed 09/01/20    Entered 09/01/20 16:47:24    List of 20 Largest Creditors 4. Third Amended Plan    Pg 8 of 18

Case 17-45907    Doc 247    Filed 10/01/18    Entered 10/01/18 17:40:23    Main Document    Pg 8 of 18

| Class | Impaired | Treatment |
|---|---|---|
| | | following the Effective Date and monthly thereafter until sale or foreclosure of the property at 1100 Stafford St. except that on the third anniversary of the Effective Date, and every three years thereafter, the interest rate shall adjust to the prime rate published in the Wall Street Journal, plus 1.25%. Further, in no event shall the interest rate be less than 5%. |
| TMR-2C- Secured Claim on NFB Line Note | Yes | Paid by DAC. |
| TMR-2D-Secured Claim of Itria | Yes | The Allowed Secured Claim of Itria Ventures shall be paid from the proceeds of sale of 1100 Stafford, if any, after payment of customary and usual costs of sale, real estate taxes and Claims secured by 1100 Stafford with priority over Itria's Allowed Secured Claim. If there are no net proceeds of sale or if New Frontier Bank forecloses on the property, Itria will not receive a distribution from TMR. For the avoidance of doubt, Itria shall not receive more than $550,000 total on payment of the TMR 2D Claim, the DAC-2E Claim and the Roewe 2O claim. |
| TMR-3 General Unsecured Claims | Yes | Paid upon sale of 1100 Stafford to the extent of available proceeds remaining after payment of higher priority claims against TMR. Otherwise, no payment will be made. |
| TMR-4-Insider Claims | Yes | No payment. |
| TMR-5-Equity Interest Holder | No | The holder of the equity interests shall retain such interests. |

## DAC

| Class | Impaired | Treatment |
|---|---|---|
| DAC 1 – Priority Claims | No | Paid in Full on the Effective Date or as otherwise agreed. |
| DAC 2A – Secured Tax Claims | Yes | Paid in equal monthly installments of principal and interest at an annual rate of 5%, within five years from the Petition Date. |
| DAC 2B – New Frontier Bank – Line Note | Yes | Paid with interest at a rate of 6.25% per annum, in monthly installments over ten years commencing 30 days after the Effective Date, except that on the 5th anniversary of the Effective Date, the interest rate shall adjust to the prime rate published in the Wall Street Journal, plus 1.25 %. Further, in no event shall the interest rate be less than 5%. |
| DAC 2C – New Frontier Bank – Printer Note | Yes | Paid with interest at a rate of 6.25% per annum, in monthly installments over ten years commencing 30 days after the Effective Date, except that on the 5th anniversary of the Effective Date, the interest rate shall adjust to the prime rate published in the Wall Street Journal, plus 1.25%. Further, in no event shall the interest rate be less than 5%. |
| DAC 2D – Secured Claim of First State Community Bank | Yes | Paid with interest at a rate of 6.25% per annum in monthly installments over ten years commencing 30 days after the Effective Date, except that on the 8th |

8

Case 17-47469 Doc 103-4 Filed 09/01/20 Entered 09/01/20 16:47:24 List of 20 Largest Creditors 4. Third Amended Plan Pg 9 of 18

Case 17-45907 Doc 247 Filed 10/01/18 Entered 10/01/18 17:40:23 Main Document Pg 9 of 18

| Class | Impaired | Treatment |
|---|---|---|
| | | anniversary of the Effective date, the interest rate shall adjust to the prime rate published in the Wall Street Journal, plus 1.25%. |
| DAC 2E – Secured Claim of Itria Ventures | Yes | DAC shall pay the Allowed Secured Claim of Itria in equal monthly installments of principal only over eight (8) years commencing 30 days after the Effective date, and on the 15th day of each month thereafter until the Allowed Secured Claim of Itria is paid in full. Except as expressly modified herein, Itria shall retain all of its rights and remedies under that certain Future Receivables Sales Agreement dated September 27, 2016 and that certain judgment dated March 30, 2017, entered in favor of Itria Ventures, LLC and against DAC, among others, in that certain action in the Twentieth Judicial Circuit of the State of Missouri, Franklin County, bearing cause number 17AB-CC00069, including, without limitation, its liens on DAC's assets until the Allowed Secured Claim of Itria is paid in full. In the event of a default under this Plan, and failure to cure by DAC within 14 days after written notice by Itria, Itria shall be entitled to exercise its rights and remedies without further Order of this Court, including without limitation foreclosure of its interests in DAC's assets. |
| DAC 2F – Secured Claim of Bank of Washington | Yes | Paid in monthly installments of interest only at a rate of 5.75% per annum commencing 30 days after the Effective Date. Payments of principal as to each vehicle shall be made upon sale of the vehicle pledged, however, DAC shall pay a minimum of $50,000 in principal per year. The outstanding balance due on the Allowed Secured Claim shall become due in full on the first business day 30 days after the 7th anniversary of the Effective Date. |
| DAC 2G Secured Claim of American Express Bank, FSB | Yes | Paid with interest at a rate of 5% per annum in monthly installments over ten years commencing 30 days after the Effective Date, except that on the 7th anniversary of the Effective Date, the interest rate shall adjust to the prime rate published in the Wall Street Journal, plus 0.25%. |
| DAC 3 – Convenience Claims | Yes | Paid 50% of the balance due within 60 days of the Effective Date. |
| DAC 4 – General Unsecured Claims | Yes | Each holder of an Allowed general unsecured claim against DAC shall receive, in equal quarterly installments over a period of five years commencing , October 1, 2019, provided the claim has become Allowed by then, a pro rata share of $80,000 total ($4,000 per quarter). |
| DAC 5 – Equity Interests in DAC | No | The holder of the Class 5 Equity Interests shall retain them. |

9

Case 17-47469    Doc 103-4    Filed 09/01/20    Entered 09/01/20 16:47:24    List of 20 Largest Creditors 4. Third Amended Plan    Pg 10 of 18

Case 17-45907    Doc 247    Filed 10/01/18    Entered 10/01/18 17:40:23    Main Document    Pg 10 of 18

**Roewes**

| Class | Impaired | Treatment |
|---|---|---|
| Roewe 1 – Priority Claims | No | Paid in full on Effective Date. |
| Roewe 2A – Secured Tax Claims | Yes | Paid in equal monthly installments of principal and interest in the amount of $2,189 per month commencing 30 days after the Effective Date at an annual rate of 5%, within five years from the Petition Date |
| Roewe 2B – Bank of America – Promissory Note (7588 Bluff Road) | No | Paid with interest at the rate of 5% per annum in monthly installments of $3,991 commencing 30 days after the Effective Date. Such payments to continue until the Debtors are able to enter into a loan modification agreement for the loan with the creditor. Should the creditor and Debtors not be able to agree on such a loan modification, then Debtors agree to surrender the property securing this loan to creditor within 60 days of denial of the loan modification. |
| Roewe 2C – New York Mellon – Line of Credit | No | Paid with interest at the rate of 5% per annum in monthly installments of $880 commencing 30 days after the Effective Date. Such payments to continue until the Debtors are able to enter into a loan modification agreement for the loan with the creditor. Should the creditor and Debtors not be able to agree on such a loan modification, then Debtors agree to surrender the property securing this loan to creditor within 60 days of denial of the loan modification. |
| Roewe 2D – Secured Claim of Bank of America (RV) | Yes | Paid in the principal amount of $90,000 with interest at a rate of 4% per annum in monthly installments of $545.38 commencing 30 days after the Effective Date. |
| Roewe 2E – Secured Claim of Bank of Franklin County (1200 Stafford) | Yes | Paid in full by refinancing, or if such refinancing cannot be obtained upon mutually agreeable terms on or before September 1, 2018 or such later date as is mutually agreed upon by the Roewes and this creditor shall be paid with interest at a rate of 5.5% per annum in monthly installments of $3,142 commencing 30 days after the Effective Date. |
| Roewe 2F – Secured Claim of Bank of Franklin County (tractor trailer) | Yes | The allowed secured claim will be paid in full from the sale of the equipment which is collateral for the loan by Debtor, Timothy Roewe. Sale is to be completed within 6 months of the effective date. All proceeds of sale to be placed in a special account at Bank of Franklin County and to be used to satisfy the loan balance. Any equipment not needed to pay down the loan after the loan is paid in full to be retained by Debtors free and clear of liens. If sufficient proceeds are not received by the creditor within 6 months of the Effective Date, the remaining secured collateral will |

10

Case 17-47469　Doc 103　Filed 09/01/20　Entered 09/01/20 16:47:24　Main Document
Pg 11 of 18

Case 17-45907　Doc 247　Filed 10/01/18　Entered 10/01/18 17:40:23　Main Document - List of 20 Largest Creditors 4. Third Amended Plan　Pg 11 of 18

| Class | Impaired | Treatment |
|---|---|---|
|  |  | be returned to the creditor upon its request to be sold in a commercially reasonable manner. |
| Roewe 2G – Secured Claim of Bank of Washington (9 acres – 1st) | Yes | Paid with interest at a rate of 5.75% per annum in monthly installments of $392 commencing 30 days after the Effective Date. |
| Roewe 2H – Secured Claim of Bank of Washington (9 acres – 2nd) | Yes | Paid with interest at a rate of 5.75% per annum in monthly installments of $303 commencing 30 days after the Effective Date. The outstanding balance due on the Allowed Secured Claim shall become due in full on the first business day 30 days after the 7th anniversary of the Effective Date. |
| Roewe 2I – Secured Claim of Cave Springs Sports (5275 Hwy 47 – 2nd) | Yes | Paid in full upon the sale of the storage building located at 5275 Highway 47, Washington, MO 63090. |
| Roewe 2J – Secured Claim of First Community Credit Union (2013 Ford Focus) | Yes | Debtor to make the monthly payments called for under the original promissory note. |
| Roewe 2K – Secured Claim of First Tennessee Bank (7588 Bluff Road – 3rd) | Yes | Paid with interest at the rate of 5% per annum in monthly installments of $968 commencing 30 days after the Effective Date. |
| Roewe 2L – Secured Claim of Heritage Bank (5275 Hwy 47 – 1st) | Yes | Paid in full upon the sale of the storage building located at 5275 Highway 47, Washington, MO 63090. The list price of the storage building to be determined pursuant to a confidential side agreement reached by the parties. |
| Roewe 2M – Secured Claim of Key Bank ('92 Baja boat) | Yes | Paid in full upon sale of the 1992 Baja 370ES Boat. |
| Roewe 2N – Secured Claim of SBA/Franklin County (1200 Stafford – 2nd) | Yes | Refinanced and paid in full, if such refinancing cannot be obtained upon mutually agreeable terms on or before September 1, 2018 or such later date as is mutually agreed upon by the Roewes and this creditor the debt shall be paid with interest at the rate of 5.5% per annum in monthly installments of $3,279 commencing 30 days after the Effective Date. |
| Roewe 2O-Secured Claim of Itria Ventures, LLC (Inchoate lien) | Yes | Notwithstanding anything in this Plan to the contrary, Roewe shall remain obligated and liable as a guarantor for payment of the Allowed Secured Claim of Itria. Except as expressly modified herein, Itria shall retain all of its rights and remedies under that certain Future Receivables Sales Agreement dated September 27, 2016, that certain judgment dated March 30, 2017, entered in favor of Itria Ventures, LLC and against Tim Roewe, among others, in that certain action in the Twentieth Judicial Circuit of the State of Missouri, Franklin County, bearing cause number 17AB-CC00069, and that certain Stipulation of Settlement dated May 8, 2017 and executed by Tim Roewe, including, without limitation, its liens on Tim Roewe's assets until the Allowed Secured Claim of |

11

Case 17-47469    Doc 103-4    Filed 09/01/20    Entered 09/01/20 16:47:24    List of 20 Largest Creditors 4. Third Amended Plan    Pg 12 of 18

Case 17-45907    Doc 247    Filed 10/01/18    Entered 10/01/18 17:40:23    Main Document    Pg 12 of 18

| Class | Impaired | Treatment |
|---|---|---|
| | | Itria is paid in full.  In the event of a default in payment of the Allowed Secured Claim of Itria by TMR and/or DAC pursuant to the terms of this Plan, and failure to cure within 14 days after written notice by Itria, Itria shall be entitled to pursue collection of its Allowed Secured Claim, less any payments Itria received from any Debtor, from Roewe without further Order of this Court. |
| Roewe 3A – Convenience Class Claims | Yes | Paid 50% of the balance due within 60 days of the Effective Date. |
| Roewe 3B – General Unsecured Claims against both Timothy and Lona Roewe. | Yes | Each holder of an Allowed general unsecured claim against both of the Roewes shall receive, in equal annual installments over a period of five years commencing  October 1, 2019, a pro rata share of $80,000 total ($16,000 per year). |
| Roewe 3C – Separate claims against either Timothy Roewe or Lona Roewe, but not both Debtors | Yes | No distribution because the source of all payments to Class 3B is net proceeds from the sale of joint assets. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Allowed Claim.  An Allowed Claim is a claim that has been allowed by a Final Order, or as to which no objection has been filed by the applicable deadline set forth herein.

5.02   Disputed Claim.  A Disputed Claim is a claim that is not Allowed.

5.03   Delay of Distribution on a Disputed Claim.  No distribution will be made on account or a Disputed Claim or portion of claim. To the extent any portion of a claim is allowed by Final Order, then distributions shall be made with respect to that portion of the Claim that is Allowed by Final Order.

5.04   Settlement of Disputed Claims.  Each Debtor will have the power and authority to settle and compromise a Disputed Claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. Objections to Claim will be filed within sixty (60) days following the Effective Date, if not previously filed.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

   (a)   TMR, DAC, and the Roewes assume all executory contracts and/or unexpired leases, effective upon the date the Confirmation Order is entered,

Case 17-47469   Doc 103-4   Filed 09/01/20   Entered 09/01/20 16:47:24   List of 20
Largest Creditors 4. Third Amended Plan    Pg 13 of 18

Case 17-45907   Doc 247   Filed 10/01/18   Entered 10/01/18 17:40:23   Main Document
Pg 13 of 18

unless the Confirmation Order is stayed, in which case assumption shall be effective upon the Confirmation Order becoming Final. A list of all such contracts and leases is set forth in the table below.

| Name of Other Parties to Lease or Contract | Description of Contract or Lease | Pre-Petition Arrearage |
|---|---|---|
| Magnet, Inc. | Lease of 1100 Stafford Street | None |
| Magnet, Inc. | Lease of 1200 Stafford Street | None |
| DAC, Incorporated | Lease of 1100 Stafford Street | None |
| DAC, Incorporated | Lease of 1200 Stafford Street | |

# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE THIRD AMENDED PLAN

TMR, through Hilliker Corp. pursuant to an Order of the Bankruptcy Court approving its employment, shall sell or lease 1100 Stafford.

All offers received to purchase or lease 1100 Stafford shall be provided to holders of Allowed Claims with liens on 1100 Stafford (the "1100 Stafford Notice Parties"). All proposed acceptances, rejections or counters of offers to buy or lease 1100 Stafford shall be provided to the 1100 Stafford Notice Parties. TMR shall be free to make the proposed acceptance, rejection or counter unless, within 48 hours of its receipt of the proposed response, an 1100 Stafford Notice Party provides TMR a written notice of its objection to TMR's proposed action, in which event, in the absence of agreement between TMR and the objecting 1100 Stafford Notice Party, the Notice Parties consent to a hearing on an emergency basis to approve a response to the offer. In no event, however, shall 1100 Stafford be sold without the consent of New Frontier Bank unless its Allowed Claims secured by 1100 Stafford are paid in full.

DAC will move out of 1100 Stafford and into 1200 Stafford or another location if required in conjunction with the sale or lease of 1100 Stafford. As indicated in the Second Amended Disclosure Statement, costs of the move will be covered by sale of an unencumbered vehicle owned by DAC and an unencumbered vehicle owned by Tim Roewe, plus cash on hand and, if necessary, sale of specified assets of Tim Roewe as set forth below.

Tim Roewe shall retain his equity interests in TMR and shall continue to serve as its President.

DAC will continue to operate and shall pay holders of Allowed Claims from revenues generated post-confirmation as set forth in Article IV of this Third Amended Plan.

In the event that Magnet, LLC does not agree to vacate 1200 Stafford Street and therefore, DAC is unable to move into 1200 Stafford Street, then DAC, Inc. will remain at 1100 Stafford Street or lease other premises.

13

Case 17-47469  Doc 103  Filed 09/01/20  Entered 09/01/20 16:47:24  Main Document Pg 14 of 18

Case 17-45907  Doc 247  Filed 10/01/18  Entered 10/01/18 17:40:23  List of 20 Largest Creditors 4. Third Amended Plan    Pg 14 of 18

In the event any payment to the holder of an Allowed Claim against TMR or against DAC, secured by 1100 Stafford, required pursuant to this Third Amended Plan is not made within ten (10) days following TMR and DAC's receipt in writing of notice of such failure sent to Timothy Roewe, DAC Incorporated, 1100 Stafford Street, Washington, MO 63090 and TimR@hazel.com and J. Talbot Sant, Jr., Affinity Law Group, 1610 Des Peres Road, Suite 100, St. Louis, MO 63131and tsant@affinitylawgrp.com (or such other address as DAC shall provide), then the holders of such Allowed Secured Claims shall be entitled to enforce remedies allowed under applicable law.

Tim Roewe shall continue to serve as President of DAC at an annual salary of $52,000 and shall retain his equity interest in DAC, plus commissions on sales on terms applicable to all of DAC's sales personnel.

Lona Roewe shall continue to serve as Secretary/Treasurer and Office Manager of DAC at an annual salary of $36,400.

The Roewes will also use $5,278.61 in net rents per month from 1100 Stafford Street and $8,750 in net rents per month from 1200 Stafford Street to help fund distributions pursuant to the Third Amended Plan as necessary and available

If necessary, an amount up to the first $70,000 of the net proceeds from the sale of the storage facility at 5297 Highway 47, Washington, Missouri 63090 will be used to pay any unpaid costs of DAC's relocation from 1100 Stafford to 1200 Stafford or another location.

The Roewes will use their post-petition earnings to pay every day expenses and will sell joint assets and use proceeds to make distribution of $80,000 in the aggregate to holders of Roewe Class 3B Allowed General Unsecured Claims. Said distribution will be made in equal annual installments over a five-year period after the effective date of the Third Amended Plan.

The Roewes will sell the following assets and the net sale proceeds shall be distributed to holders of Allowed 503B Claims of Administration and Claims as set forth in Article IV of this Third Amended Plan: the Storage facility located at 5297 Highway 47, Washington, MO 63090, 1992 Baja 370 ES Boat, 194 Rendevue 24" Deck Boat, 2001 Kawasaki Jet Ski, 2006 Kawasaki Jet Ski, 2006 Kawasaki ATV, 2004 Kawasaki Motorcycle, 1974 Chevrolet Fleetside Pickup, 1995 Chevrolet Corvette and 1986 Tommy Trailer.

Tim Roewe's claim against DAC shall be an Allowed Class DAC-3 General Unsecured Claim in the amount of $253,000 but no distribution will be made on such claim provided the Third Amended Plan is confirmed.

14

# ARTICLE VIII
# GENERAL PROVISIONS

8.01 <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Third Amended Plan, and they are supplemented by the following definitions:

"<u>Bankruptcy Court</u>" shall mean the United States Bankruptcy Court for the Eastern District of Missouri.

"<u>Confirmation Order</u>" shall mean the Order of the Bankruptcy Court Confirming this Third Amended Plan.

"<u>Convenience Class Claim</u>" shall mean an allowed general unsecured claim in the amount of $500 or less for materials, equipment or maintenance or other goods provided to any of the Debtors.

"<u>Final</u>" with respect to an Order shall mean that the time for filing an appeal to any higher court or panel has passed without any (further) appeal having been filed, and with respect to the Confirmation Order, any timely appeal by a party other than the applicable Debtor(s) has been denied.

8.02 <u>Effective Date of Third Amended Plan</u>.  The Effective Date of this Third Amended Plan is the first business day following the date of entry of the Confirmation Order. If, however, a stay of the Confirmation Order is in effect on that date, the effective date will be the first business day after the date, if ever, an order is entered that denies appeal of the Confirmation Order and the order denying the appeal becomes Final.

8.03 <u>Severability</u>.   If any provision in this Third Amended Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Third Amended Plan.

8.04 <u>Binding Effect</u>.  The terms of this Third Amended Plan are binding upon each Debtor, creditors of each Debtor, and all parties in interest and each of their successors and assigns.

8.05 <u>Captions</u>.  The headings contained in this Third Amended Plan are for convenience of reference only and do not affect the meaning or interpretation of this Third Amended Plan.

8.06 <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Missouri govern this Third Amended Plan and any agreements, documents and instruments executed in connection with this Third Amended Plan, except as otherwise provided in this Third Amended Plan.

15

Case 17-47469    Doc 103-4    Filed 09/01/20    Entered 09/01/20 16:47:24    List of 20 Largest Creditors 4. Third Amended Plan    Pg 16 of 18

Case 17-45907    Doc 247    Filed 10/01/18    Entered 10/01/18 17:40:23    Main Document    Pg 16 of 18

8.07     <u>Corporate Governance</u>.  There is only one class of equity interests in TMR and in DAC. Timothy Roewe owns all such equity interests in each Debtor. Neither Debtor is issuing any securities pursuant to this Third Amended Plan. TMR and DAC's officers shall continue to serve in their current capacities as specified in section VII of the Third Amended Plan.

**ARTICLE IX**
**<u>DISCHARGE</u>**

9.01     <u>Discharge</u>.  TMR will not be discharged.

On the confirmation date of this Third Amended Plan, DAC will be discharged from any debt that arose before confirmation of this Third Amended Plan, pursuant to § 1141(d)(1)(A) of the Code, except that DAC will not be discharged of any debt; (i) imposed by this Third Amended Plan; or (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure and relief thereunder granted.

The Roewes will not be discharged upon confirmation of the Third Amended Plan until compliance with the provisions of 11 U.S.C. § 1141 (d)(5) and approval of the Bankruptcy Court.

**ARTICLE X**
**<u>OTHER PROVISIONS</u>**

10.01     <u>No Distribution</u>.  Except as provided herein, no distribution shall be made on account of any Claim or portion of a claim that is for: attorney's fees unless the fees are with respect to a claim that is  Allowed and is Secured by collateral with a value in excess of the amount of the Allowed Claim and there is an Order allowing the Claim including the fees; , or as to , court costs, or punitive or liquidated damages, except for administrative claims referenced herein.

10.02     <u>Continuing Jurisdiction of Bankruptcy Court</u>.  The Bankruptcy Court shall retain jurisdiction to make determinations with respect to this Third Amended Plan and/or each Debtor to the fullest extent permitted under the Code, including without limitation:

      (a)     To interpret, enforce and implement the Third Amended Plan;

      (b)     To rule on objections to claims;

      (c)     To enjoin any action contrary to the terms of the Third Amended Plan and/or the Confirmation Order;

      (d)     To enter a Final decree in each of these administratively consolidated cases;

(e) To grant a discharge to the Roewes after consummation of all payments due under the Third Amended Plan or upon application by the Roewes; and

(f) To make determinations with respect to sale or lease of 1100 Stafford.

10.03 <u>Default Under Third Amended Plan/Remedies</u>.  A default under this Third Amended Plan shall be a failure to make a payment required pursuant to the Third Amended Plan that remains uncured for ten days following the applicable Debtor's or Debtors' receipt of written notice of such default at the addresses set forth in Article VII. Following such default, the party damaged by such default shall be entitled to enforce the applicable Debtor(s)' obligations with respect to the missed payment under this Third Amended Plan in accordance with the Law of the State of Missouri, in State or Federal Court in the Eastern District of Missouri.

10.04 <u>Acts Contrary to Third Amended Plan Enjoined</u>.  All actions by any party in interest or creditor that are contrary to the terms of this Third Amended Plan shall be enjoined pursuant to the Confirmation Order.

10.05 <u>Operation of Confirmation Order</u>. Pursuant to Code § 1142(b), the Confirmation Order shall operate as an order of the Court directing each Debtor, as Debtor-in-possession and post-confirmation, and any other necessary parties, to execute and deliver, or join in the execution and delivery of any instrument required to affect a transfer of the Estate Property, and to perform any other act that is necessary for the consummation of this  Third Amended Plan.

10.06 <u>Vesting of Property</u>. On the Effective Date, all Estate Property will vest in the Applicable Debtor(s) pursuant to Code § 1141(b), free and clear of all Claims and interests except as provided in the  Third Amended Plan.  Should this Chapter 11 case convert to a case under Chapter 7 following confirmation, but before substantial consummation of the Third Amended Plan, all property of the Chapter 11 estate shall re-vest in the Chapter 7 estate.

10.07 <u>Retention of Liens</u>.  Holders of Allowed Secured Claims against any Debtor(s) shall retain their liens in the assets of Debtor pledged to the holder the Allowed Secured Claims, except as otherwise set forth herein or determined by the Bankruptcy Court.

10.08 <u>Insurance</u>.  Each Debtor shall maintain insurance on all assets pledged to the holder of an Allowed Secured Claim, naming the creditor as an additional loss payee.

10.09 <u>DAC Reporting Post-Confirmation.</u>  Following confirmation of the Third Amended Plan, DAC shall provide to each holder of an Allowed Secured Claim, with a security interest in accounts receivable and inventory, on or before the 20th (or next business day if the 20th falls on a weekend or Holiday) a report showing DAC's inventory and accounts receivable, which inventory and accounts

17

Case 17-47469    Doc 103-4   Filed 09/01/20   Entered 09/01/20 16:47:24   List of 20
Largest Creditors 4. Third Amended Plan    Pg 18 of 18

Case 17-45907   Doc 247   Filed 10/01/18   Entered 10/01/18 17:40:23   Main Document
Pg 18 of 18

        receivable amounts shall not decrease by more than twenty percent (20%) from such amounts on the Effective Date unless cash in hand increases by a corresponding amount and the cash is expended on ordinary costs of operation and payments per this Plan; or with consent of creditors with a security interest in such cash proceeds.

Respectfully submitted,

TMR, LLC

By:*/s/ Timothy M. Roewe*  
    Timothy M. Roewe

DANNA McKITRICK, P.C.

By:*/s/ A. Thomas DeWoskin*  
    A. Thomas DeWoskin, #21520MO  
    7701 Forsyth Blvd., Suite 800  
    St. Louis, Missouri 63105-3907  
    (314) 726-1000 Telephone  
    (314) 725-6592 Facsimile  
    tdewoskin@dmfirm.com

Attorneys for TMR, LLC

DAC, INCORPORATED

By:*/s/ Timothy M. Roewe*  
    Timothy M. Roewe, President

AFFINITY LAW GROUP, LLC

By:*/s/ J. Talbot Sant, Jr.*  
    J. Talbot Sant, Jr., #35324MO  
    1610 Des Peres Road, Suite 100  
    St. Louis, Missouri 63131  
    (314) 872-3333 Telephone  
    (314) 872-3365 Facsimile  
    tsant@affinitylawgrp.com

Attorneys for DAC, Incorporated

October 1, 2018

*/s/ Timothy M. Roewe*  
TIMOTHY M. ROEWE

*/s/ Lona S. Roewe*  
LONA S. ROEWE

HERREN, DARE & STREETT

By:*/s/ David M. Dare*  
    David M. Dare, #35965MO  
    439 S. Kirkwood Road, Suite 204  
    St. Louis, Missouri 63122  
    (314) 965-3373 Telephone  
    (314) 965-2225 Facsimile  
    ddare@hdsstl.com

Attorneys for Timothy M. Roewe and Lona S. Roewe